# In the United States Court of Federal Claims

No. 24-1246C
(Filed: October 22, 2024)
**NOT FOR PUBLICATION**

```
*****************************************
DERRICK M. ALLEN, SR.,                   *
                                         *
                 Plaintiff,              *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                 Defendant.              *
                                         *
*****************************************
```

## OPINION AND ORDER

Plaintiff Derrick M. Allen, Sr., proceeding *pro se*, seeks $10,000 in compensation for the alleged mishandling of his mail. *See* Complaint (ECF 1). Plaintiff has moved to proceed *in forma pauperis*. *See* Mot. for Leave (ECF 2). The government opposes allowing Plaintiff to proceed *in forma pauperis*, and has moved to dismiss under RCFC 12(b)(1) and 28 U.S.C. § 1915(e). *See* Resp. & Mot. (ECF 7). Leave to proceed *in forma pauperis* is **DENIED**, and the motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements*." Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987));

*see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

This is not the first time Mr. Allen has raised claims like the ones presented here. The Federal Circuit has in fact already explained to him that "allegations about the mishandling and withholding of his mail … do not fall within [the Court of Federal Claims'] jurisdiction, as those claims sound in tort." *Allen v. United States*, No. 2021-1631, 2022 WL 180760, at *2 (Fed. Cir. Jan. 20, 2022). His new claims must be dismissed for the same reason. The motion to dismiss is therefore **GRANTED**.

This case is part of Plaintiff's history of filing frivolous lawsuits. *See, e.g.*, *Allen v. United States*, No. 22-1789, 2023 WL 125248, at *2 (Fed. Cl. Jan. 6, 2023); *Allen v. Better Dental*, No. 22-1281, 2022 WL 2987954, at *1 (4th Cir. July 28, 2022); *Allen v. N. C. Admin. Hearings*, 805 F. App'x 246, 247 (4th Cir. 2020); *Allen v. United States*, No. 22-1793C, 2022 WL 18109953, at *2 (Fed. Cl. Dec. 13, 2022), *aff'd in part*, *vacated in part*, *remanded*, 88 F.4th 983 (Fed. Cir. 2023). In such circumstances, courts have discretion to deny litigants leave to proceed *in forma pauperis*. *Straw v. United States*, No. 2021-1600, 2021 WL 3440773, at *6 (Fed. Cir. Aug. 6, 2021); *In re Sindram*, 498 U.S. 177, 179–180 (1991); *see also In re McDonald*, 489 U.S. 180, 184 (1989). Plaintiff's motion for leave to proceed *in forma pauperis* is therefore **DENIED**. Given that similar claims by the same Plaintiff have been rejected by the Federal Circuit before, I **CERTIFY** that any appeal from the judgment would not be taken in good faith. *See* 28 U.S.C. §1915(a)(3).

On September 9, 2024, the Court received Plaintiff's submission entitled "Plaintiff's Response in Opposition to Motion to Proceed In Forma Pauperis and Motion for Summary Judgment." Plaintiff's submission shall be **FILED BY MY LEAVE**, under seal, and construed as "Plaintiff's Reply to Defendant's Response in Opposition to Motion to Proceed In Forma Pauperis and Motion for Summary Dismissal."

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
